**Steven Carl ATKINS, Plaintiff–Appellant,**

v.

**COUNTY OF ALAMEDA; Eileen T. McAndrew, Defendants,**

and

**City of Alameda; Officer P. Wyeth; and Does 1–10, Defendants–Appellees.**

**No. 06–16314.**

United States Court of Appeals, Ninth Circuit.

---

1. We apply New Jersey law per the contract's governing law provision.

Submitted July 9, 2007.*

Filed July 13, 2007.

Steven Carl Atkins, Alameda, CA, pro se.

J. Randall Andrada, Esq., Andrada & Associates, Oakland, CA, for Defendants.

Gregory Fox, Esq., Arlene Helfrich, Bertrand Fox Elliot & Colwell, San Francisco, CA, for Defendants–Appellees.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Plaintiff Steven Atkins appeals the district court's grant of summary judgment to the County of Alameda, City of Alameda, Eileen McAndrew, and Officer P. Wyeth in Plaintiff's suit for alleged acts surrounding his arrest for driving under the influence of alcohol. On February 26, 2007, we dismissed for lack of jurisdiction Plaintiff's appeal against the County of Alameda and

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

McAndrew. As to Plaintiff's remaining claims, on de novo review, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we affirm.

■ 1. Plaintiff argues that a genuine dispute exists over whether Wyeth violated his Fourth Amendment rights when Wyeth entered his home without permission, a warrant, or probable cause to arrest him. Viewing the evidence in the light most favorable to Plaintiff, *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004), we disagree. Wyeth claims that entry was justified under the emergency aid doctrine, which requires that an officer "have an *objectively reasonable* basis for believing that an occupant is *seriously injured or imminently threatened* with such injury." *Brigham City v. Stuart,* —— U.S. ——, 126 S.Ct. 1943, 1946, 164 L.Ed.2d 650 (2006) (emphases added).

Here, Plaintiff admits the following facts: His daughter called 911 and reported that they had argued and that he was driving drunk. He had taken medication that enhances the effects of alcohol and had consumed a half-pint and double-shot of alcohol. When Wyeth came to the house to investigate, Wyeth told Plaintiff that his daughter had called 911 to report his driving drunk and requested to speak with her, but Plaintiff grew increasingly angry and repeatedly refused to divulge any information about his daughter's whereabouts. His conversation with Wyeth was confrontational, that he told Wyeth to "get the f——k off my porch," and that his tone was "probably belligerent." Plaintiff also stipulates that, objectively, it would be reasonable to anticipate that domestic violence could result from a parent's becoming aware that his child had reported him to 911. Given those undisputed facts, an objectively reasonable officer could have believed that Plaintiff's daughter either had been seriously injured or was imminently threatened with such injury. *See United States v. Black,* 482 F.3d 1035, 1040 (9th Cir.2007) ("Erring on the side of caution is exactly what we expect of conscientious police officers."); *see also id.* at 1041 (discussing the emergency aid doctrine).

2. Plaintiff argues that the City of Alameda is liable as a municipality for any and all constitutional violations committed by Wyeth, but Wyeth did not commit a constitutional violation. *See City of L.A. v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam) (holding that, when a plaintiff sues a municipality for being legally responsible for an officer's actions, "if the [officer] inflicted no constitutional injury on [the plaintiff], it is inconceivable that [the municipality] could be liable to [the plaintiff]").

■ 3. Plaintiff argues that Wyeth lacked probable cause to arrest him. *See Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 924–25 (9th Cir. 2001) (describing standard for warrantless misdemeanor arrest). Here, Wyeth effected a citizen's arrest at the direction of Plaintiff's wife and daughter. Wyeth knew that the daughter had called 911 and told the operator that her father was driving drunk. Wyeth found a car matching the description of the 911 call, including the license plate number, parked in Plaintiff's driveway, pressed against the garage door. He then observed Plaintiff's influenced state and obtained statements from his wife and daughter that they wanted him arrested for driving drunk. A prudent person would have believed that Plaintiff had driven under the influence of alcohol.

4. We carefully considered Plaintiff's remaining claims. None is persuasive.

AFFIRMED.